The opinion of the Court was delivered by
Duncan J.
The probate of a will of personal estate is final and conclusive. In England, it is not any evidence of a devise of-lands, because the ecclesiastical court or the ordinary, have no cognisance. The original will must be produced, and one at least of the subscribing witnesses, if alive, be called; and if he can prove the due execution by the testator in the presence of himself and the other witnesses, and their subscription in the presence of the testator, there will not, unless in case where the will is disputed, be any occasion to call the others. But where the will is disputed, the devisee should call all the subscribing witnesses. In Pennsylvania, the probate of a will devising lands, is prima facie evidence. The act of 1705, provides, that “the copies of all wills and probates, under the public seals of the courts or offices, where the same have been, or shall be taken, or granted respectively, other than copies or probates of such wills as appear to be annulled, disproved, or revoked, shall be adjudged, and deemed, and are thereby declared, and created to be, matter of record, and shall be good evidence to prove the gift or devise thereby made.55
If the register was a ministerial officer, as a recorder of deeds, the evidence of the proof or acknowledgment of the execution of the deed, should be set out, so as to enable the *214 Court to judge, whether it conformed to the law, before the certified copy could be received in evidence; and such is the express requisition of the same act respecting the recording °f deeds. But the act of 1705, does not require that the evidence, should be' certified, but makes the act of the register, in admitting the will to be proved, matter of record, and that the copies or probates of the will so received, shall be good to pi'ove the gift or devise. The probate of a will does not mean the exhibition of the evidence, on which it is admitted to be recorded, but the sentence or decree of the register. It is a decision of a Judge from which an appeal lies to the Register’s Court. Act of 30th September, 1791. 3 Sm. L. 58. In construing an ancient act, the contemporaneous construction, and continued practice ought not to be rashly set aside, even though the Judges might entertain doubts of its propriety in the first instance ; and this especially in a case like this, where, if the will is admitted to pi-obate, where the proof does xiot conform to the law, the party to be affected is not prevented from shewing the non-conformity. The probate or sentence of the register, or the register’s court is but prima facie evidence in the devise of land. If the copy or probate offered in evidence shews, that the proof was made by one witness, or that a party having an interest' under the will, was received as one of the two witnesses required by law, this proves of itself the non-conformity ; or the party to be affected by it may px-oduce the copy of the register’s record, and shew, that the will was unduly admitted of record, and the heir-at-law has a right to call qn the subscribing witnesses. I speak now of a will of lands; for the probate would be conclusive evidence, in a controversy respecting personal estate,, and such exemplification of wills, certified generally to have been proved, approved, and registered, in the prerogative court of Canterbury, under the seal of that Court, so early as 1759, was received in evidence, on debate in ejectment. Lessee of Weston v. Stammers, 1 Dall. 2, and though the proof on which the will was admitted to be registered would seem to be more explicitly required to appear in the exemplification, than when probate was granted in this State. And in Morris’s lessee v. Vanderen, 1 Dall. 66, the plaintiff produced a probate from the same' Court. Objection was not made, on the ground that the proof was not set out, but because the *215 probate was not recorded; but it was answered, that the act of 170S, made the probate evidence, and the Court allowed it to be received in evidence. And at a Circuit Court, at Somerset, October, 1806, before the present Chief Justice, Lessee of Woodruff executor of Hoopes v. Rosendaer, a copy of the will of Robert L. Hoopes, certified under office seal by the register of the prerogative office of New Jersey, to have been proved in the usual form by two of the subscribing witnesses, but the probate was not set forth at large, was received in evidence, on the authority of Weston’s lessee v. Stammers. Such has been the course of decision under this act; and I cannot say there is any thing so repugnant to any principle of natural justice, as to compel the Court now to say all this was wrong, and to require, that the evidence before the register should be set out in the exemplification, in order to entitle the party to give the probate in evidence. And indeed it would seem to fall within the wise maxim of the law, that all acts of an officer, having authority, shall be presumed to be solemnly and duly done, unless the contrary appear on the face of the act, or is proved by evidence aliunde.
Judgment affirmed.