## HALE *against* ANDRUS.

ASSUMPSIT on a parol promise of indemnity, tried at the *Jefferson* circuit, *December 20th*, 1825, before WILLIAMS, iff, to A., the sheriff; and then A. promised H., that if he would become surety for him, A., as sheriff, he would indemnify H. against his suretyship for B.—H. accordingly became surety for A.— A. was afterwards sued for B's wrongfully taking the goods of one, on a *fi. fa.* against another ; and H. and his co-sureties for B., with A's knowledge, defended the suit, brought a writ of error, and reversed one judgment against A. ; defended another suit against A. for the same cause ; brought error ; but the judgment was affirmed ; and all this with A's knowledge ; in which H. expended moneys in retaining an attorney and defending the suit, and prosecuting the writ of error ; in an action by H. against A. on his promise of indemnity ; *held*, that he might recover the moneys thus expended ; for A's consent to the expenditure might, under the circumstances, be presumed.

The declaration was, that, in consideration that H. would become surety for A., he (A.) would indemnify H. against being surety for B. ; and averred that H. did become surety for A. ; the proof was, that A. said to one witness, that he had agreed to indemnify H. in consideration of his becoming bail ; and to another witness, and at another time, that in consideration that H. had become bail for him, he had agreed to indemnify H. as bail for B. ; *held*, that the *first* admission supported the declaration ; and though both witnesses were H's, he might reject the second admission, and rely on the first ; and that A. could not avail himself of his own admission to the second witness, to contradict the admission to the *first*.

To a declaration on promises of indemnity, the defendant pleaded a former recovery on the same promises ; the plaintiff replied that the recovery was on other and different promises ; and prayed judgment, because the defendant had not answered the promises thus newly assigned ; the defendant rejoined non-assumpsit to the promises so newly assigned ; and on the trial no record of the former recovery was produced ; and objection was taken that the *onus* lay on the plaintiff, to avoid the plea by sustaining the replication ; on verdict at the circuit for the plaintiff, subject to the opinion of the supreme court, on this, among other points, that court, being with the plaintiff on the other points, *held*, that the issue on this plea was informal, but amendable after verdict : that the replication admit-

H. and others became sureties for B., a deputy sher-

C. Judge ; when a verdict was taken for the plaintiff subject to the opinion of this court.

The declaration contained two counts. The first count was, that on the 18th of March, 1816, the plaintiff, having, with others, become surety by bond to the defendant, then sheriff of Jefferson county, for one Bealls, his deputy ; afterwards, on the 6th of September, 1817, the defendant, in consideration that the plaintiff would then become surety by bond for the defendant, as sheriff, promised the plaintiff to indemnify and save him harmless against all damages, &c. which he might pay or become liable to pay, in consequence of having executed the bond as surety for Bealls. That the plaintiff had paid, and become liable to pay large sums of money, specifying the particulars, to wit, that the defendant recovered judgment for the penalty of the bond given by the sureties of Bealls, in the supreme court, in January term, 1819, and certain damages were assessed thereon ; and afterwards, in May term, 1823, recovered a judgment of damages for further and other breaches, against the sureties, by sci. fa. on the record of the first recovery, upon which last recovery by sci. fa., the plaintiff paid $250, including the costs of defending. And further, that one Eliakim Barney, in October, 1819, recovered judgment against the defendant in trover for a yoke of oxen, which Bealls had taken as deputy on a fi. fa., which judgment was afterwards reversed on error, which action was defended, and writ of error prosecuted by the obligors in the bond of surety for Bealls. And a like action was prosecuted, and a like recovery had for the oxen,

---

ted the former recovery ; that the onus of proving that the former and present cause of action were not the same, lay on the plaintiff; and that, unless the defendant would relinquish his plea, there should be a new trial to enable the plaintiff to give the requisite proof.

Held, also, the proper replication would be, that the former and present cause of action are not the same, and a direct issue to the country.

Non assumpsit infra sex annos to a declaration on a promise of indemnity, is bad in subtance; and though issue be taken thereon, and there be a verdict found for the plaintiff subject to the opinion of the court ; and the evidence be plainly against the plaintiff upon the issue ; if the cause be in other respects with him, he shall have judgment ; and although such an issue be found for the defendant, the plaintiff shall have judgment non obstante veredicto.

Semble, that on a promise to indemnify, one action may be brought, and a recovery had for a breach or breaches ; and then a subsequent action on the same promise for another breach or breaches, happening after the first recovery, &c.

in *December*, 1821, which, on error, was affirmed : which action was defended, and a writ of error prosecuted by the obligors in the bond of surety for *Bealls ;* and on account of which actions and writs of error, the plaintiff had paid $120.

The second count was substantially the same.

The declaration was entitled of *May* term, 1825.

The defendant pleaded 1. *non assumpsit ; 2 non assumpsit infra sex annos ; 3. non accrevit infra sex annos ;* to which 2d and 3d pleas the plaintiff replied, *assumpsit, et accrevit, infra sex annos ;* on which issue was joined.

The defendant pleaded, *4thly,* that in the term of *January,* 1823, the plaintiff impleaded the defendant in this court for not performing the same identical promises and undertakings mentioned in the declaration ; and in *February* term, 1824, recovered judgment for $1745,06 ; to which the plaintiff replied, that he brought the action pleaded, not for the non-performance of the promises and undertakings in the plea mentioned, but for the non-performance of other and different promises and undertakings, concluding with a verification ; and praying judgment, because the defendant had not answered the complaint of the plaintiff, as to the breach of the promises in the declaration mentioned ; and so newly assigned in the replication. To this the defendant rejoined ; that, as to the supposed promises newly assigned, he did not undertake and promise, &c. Upon this, issue was joined.

On the trial, the breaches mentioned in the declaration were proved ; and that the cause of action arose within six years before suit brought.

No proof was given touching the former recovery ; and the defendant objected that it lay with the plaintiff to establish his replication to the fourth plea, by proof.

The additional facts of the case, so far as they are material, will be found stated in the opinion of the court.

*D. Tillinghast,* for the plaintiff, argued the cause upon the following points, (among others) : 1. That the promise of indemnity was proved as laid in the declaration.

(1 *Phil. Ev.* 163, 222, 3, ed. 1820. 14 *John.* 215.    15 *id.*
409.    11 *Hargr. St. Tr.* 261.    *Com. Dig. Estoppel,*
(*A.* 1.)    3 *Cowen,* 120.    4 *id.* 559.)

2. The statute of limitations is no bar.    (2 *Chit. Pl.*
449, note (*e.*)    *id.* 450, note (*f.*)    18 *John Rep.* 14.)

3. The plea of a former recovery is no defence.

4. The plaintiff had sustained damages to the full
amount of the verdict.    (12 *John.* 207.    2 *Ld. Raym.*
1072.    *Cro. Eliz.* 237.    4 *Cowen,* 417.    8 *John.* 249.
5 *John.* 168.)

5. The issue on the replication to the fourth plea, is, at
most, informal ; and cured after verdict.

A question was made on the argument, whether, ad‑
mitting the plaintiff had once before recovered on the
same promise now in question, though for former breach‑
es, this recovery was not a bar to any further recovery
for a breach or breaches subsequent to the former recov‑
ery.    As to this,

*Tillinghast* said, the true test always is, whether the
same evidence will support both actions.    (*Kitchen* v.
*Campbell,* 3 *Wils.* 308.    *Rice* v. *King,* 7 *John. Rep.* 20.
*Johnson* v. *Smith,* 8 *id.* 383.)    Even though the plaintiff
declare in both actions for the same cause, if he gave no
evidence in the first, touching the ground of action in the
second, it is not barred.    (*Seddon* v. *Tutop,* 6 *T. R.* 607.)
It is enough that the present demand has not been satis‑
fied, and never submitted to the consideration of a jury.
(*Snider* v. *Croy,* 2 *John. Rep.* 227.)    Where the debt or
duty is to arise from several acts to be performed at differ‑
ent times, each performance is a distinct duty, for which
a separate action lies.    (*Barker* v. *Sutton, Norfolk Ass.*
1662, per *Hale, Tr. per Pais,* 186. 1 *Esp. N. P. Gould's
ed. pt.* 1, 247, S. C.)    In *Swann's case,* (*Cro. Eliz.* 3,)
it was said to be adjudged,  that in covenants perpetual, if
they be once broken, and an action of covenant brought,
and a recovery upon it, if they be afterwards broken, a
*scire facias* shall be had upon the judgment, and the party
need not bring a new writ of covenant.    This case clearly

recognizes a new remedy for every new breach ; and although a *sci. fa.* lies, at the election of the covenantee ; this does not preclude a new action.

*Talcott,* (attorney general) contra. Though the plea of *non assumpsit infra sex annos* may be defective ; yet it is true, and entitles us to judgment on the case.

The issue on the replication to the fourth plea, substantially presents the question, whether there had been a former recovery on the very promise now in question. The informality is not material after verdict. (1 *Chit. Pl.* 402, 507.) The plaintiff did not reply, as he might have done, that this is a suit for a subsequent cause of action upon the same promise. Had he done so, then I agree that the action would lie. But the new breach should have been replied distinctly. That is the only mode in which he can avail himself of it. It would not have been a departure. (14 *John.* 178.) The pleadings are conclusive, that both actions were on the same promise. At least, it lay with the plaintiff to shew they were not.

The defendant is not liable for the costs of the case in which the plaintiff improperly brought a writ of error, and in which the judgment was, therefore, affirmed.

As to the variance, the contract consists both of consideration and promise. Both must be proved as laid. The declaration alleges an executory consideration. The consideration in proof is executed, and the variance is fatal to the plaintiff's action. (18 *John.* 455.)

*Tillinghast,* in reply, said, where a plea is bad in substance, the plaintiff may either demur or take issue ; and if the issue be found against him, he may then move for judgment *non obstante veredicto.* And though the court see, on a case made, that the plea of *non assumpsit infra sex annos* is true, they will not give effect to it.

The new breach of the old promise, on which the plaintiff had before recovered, created a distinct duty ; to perform which, the law would imply a new promise in the

terms of the original engagement. This satisfies the re-plication, and falsifies the rejoinder. The case is like a single promise to pay by instalments. There each in-stalment is considered the subject of a separate promise ; on which an action lies. The declaration may be sim-ply on the promise to pay the last instalment, without any allusion to the first.

It will be intended in this case, that the damages in the first action were given for the breaches there in question, and for nothing more. The objection here goes, therefore, merely to the measure of damages. (*Milles* v. *Milles, Cro. Car.* 241.) In this view, there was no need of re-plying the new breaches.

*Curia, per* WOODWORTH, J. (*after stating the plead-ings.*) The pleas of the statute of limitation are no bar. As to the plea of *non accrevit*, it appears from the evi-dence, that the *gravamen*, upon which the plaintiff relies to recover, is within six years. The plea of *non assump-sit infra sex annos*, does not apply to the case. The promise was made more than six years before suit brought ; but it was a promise to indemnify against liabilities on the bond executed by the sureties of *Bealls*. The statute did not begin to run from the time of making the promise ; but from the time damages were sustained. The plea, there-fore, was bad in substance, and is not cured by the repli-cation. The issue was immaterial, and interposes no ob-stacle in the plaintiff's way. If the issue had been found for the defendant, the result would have been the same. In that case, the plaintiff would be entitled to judgment, notwithstanding the verdict.

The issue joined on the fourth plea is informal ; but is amendable after verdict. The question is, which party held the affirmative ? It was undoubtedly the plaintiff. He alleges, that he brought the action for the nonperform-ance of other, and different undertakings, on which the defendant takes issue. The recovery of the judgment set out in the plea, seems to be admitted. In the case of

*Phillips* v. *Berick*, (16 *John. Rep.* 136,) this question was considered. It was there held that the record of a former recovery, apparently for the same cause of action as that which is the foundation of the subsequent suit, is *prima facie* evidence only ; and the plaintiff may repel it by showing that it was for a distinct demand. *Spencer*, J. observes, that "if the defendant had pleaded specially, he must have stated a former recovery for damages, by means of not performing the same identical promises. The replication would be, that the promises in that action were not the same identical promises. This would have formed an issue to the country ; and the inquiry *in pais* would be, whether the former recovery included the demand then in contest ; and the burthen of the proof would be thrown on the plaintiff."

According to this rule, the defendant was entitled to a verdict on the issue upon the replication, as the plaintiff offered no evidence in support of it. It is more than probable, that this arose from misapprehension, as to the point whether he held the affirmative. Had it been deemed necessary, it may be presumed he would have attempted to support the issue. If the former recovery was not for this specific demand, it was easily susceptible of proof. Surprise, or inadvertance, may have been the cause that the plaintiff directed his attention exclusively to establish a good cause of action, without adverting to the effect of the defendant's plea. As the case, therefore, stands, the defendant will be entitled to judgment, although the plaintiff, in every other respect, may have shown a right to recover, unless the court award a new trial to enable him to supply the omission. As this seems to have been a fact really in controversy, the justice of the case requires, that after a trial on the merits, the plaintiff should be relieved, if, in other respects, his action is sustained.

I will, therefore, proceed to examine the only remaining question, which is, did the evidence support the declaration ?

*Keyes*, a witness for the plaintiff, testified, that the defendant admitted to him that he had agreed to indemnify the plaintiff, in consideration of his becoming bail for him as sheriff of *Jefferson* county.

*Wardwell*, another witness for the plaintiff, testified, that the defendant said, in consideration that *Hale* had become bail for him as sheriff, he had agreed to indemnify him on the bond he had given as bail for *Bealls*.

It will be observed, that the consideration stated in the declaration is executory, to wit, *if the plaintiff would become bail for the defendant*. Proof of a past consideration will not support the averment. The variance would be fatal. In the first, the performance of the consideration on the part of the plaintiff, constitutes a condition precedent. But a past consideration may be traversed; and cannot be enforced unless laid to have been done upon request; or, at least, it must appear that the party promising was under a moral obligation to do the act. (7 *John.* 87. 18 *John.* 455. 1 *Chit.* 297.) It is very clear, the defendant has a right to insist on the variance, if it exists; for the distinction between the two cases is well settled, and is material.

The only evidence of the agreement, is derived from the admissions to the two witnesses, *Keyes* and *Wardwell*, at different times. Whether the contract to indemnify was before or after the plaintiff became bail for the defendant, does not distinctly appear. The expressions, as stated by *Wardwell*, seem to imply that the bond had been given before the promise was made; and yet, as the defendant was not speaking with an eye to what form of words might render him liable, it may have been intended to state merely, that the consideration to become bail, was the promise to indemnify. It is more probable, that the promise was the inducement to become security, than that subsequently, as a distinct transaction, the defendant should gratuitously make a promise to indemnify. The one is a very natural proceeding; the other, out of the ordinary course. If, then, from the evidence, we are to draw an inference as to the time this contract was made, I in-

cline to think the conclusion warranted, that the contract was executory.

But admitting *Wardwell's* testimony varies from the declaration; the only effect is, that the plaintiff must resort to other proof, or fail. Although it does not support the declaration as framed, it cannot be used as evidence that the contract was different. The defendant cannot avail himself of his own admissions.

The evidence of *Keyes* places this fact beyond reasonable doubt. If his testimony, singly, makes out the plaintiff's case, it cannot be impaired by a different confession of the defendant, to another witness, and at another time. When the defendant says, *that he had agreed to indemnify in consideration of the plaintiff's becoming bail*, I understand him as saying, that he was to indemnify, if the plaintiff became his surety. He does not speak in the past tense. It evidently implies that one was the consideration of the other. In my opinion, this witness substantially supports the consideration as laid in the declaration.

The damages found are $150,87. There can be no good objection to the claim of one third of the execution levied on the plaintiff's property ; nor for one third of the costs for which the plaintiff gave a note to his attorney. If the plaintiff had not defended the suits commenced by *Barney* against the defendant, for the default of *Bealls*, the defendant might have defended, and claimed his costs on the bond. As the plaintiff would have been ultimately liable, and as the defence by the bail was with the knowledge of the defendant, under the circumstances, his assent may be presumed. These two items amount to the verdict.

The result of my opinion is, that a new trial be granted, with costs to abide the event, unless the defendant, within 20 days, shall deliver to the plaintiff's attorney, a waiver in writing, of the benefit of his fourth plea ; and if such waiver shall be delivered, then, that judgment be entered for the plaintiff.

　　　　　　　　　　　　Rule accordingly,