Watts & S.
1ws396
190  480

1ws   396
220   ¹480

# Loy *against* Kennedy.

A register is a judge; and admitting a will to probate is a judicial act; and, for an error committed, the only remedy to the party aggrieved, is an appeal to the Register's Court: the decree cannot be impaired in a collateral issue.

It is not necessary to the legal probate of a will, that the witness should be able to say, that the testator expressly acknowledged the instrument to be his will: it is sufficient that he declared the execution of it to be his *act and deed.*

A commission by the register of wills, to take the testimony of witnesses, must be under seal; but if a commission issue without the official seal, and the testimony be taken and returned to the register, who receives it, and gives a certified copy of it under seal, that will be sufficient to admit the will in evidence in an action of ejectment for land devised by the will.

WRIT of error to the Common Pleas of *Perry* county.·

Stewart Kennedy, Harvey Segraves, and Henry D. Maxwell, brought an ejectment in Perry county against Jacob Loy, John Koch, and James Everhart, for 75 acres of land.   The plaintiffs showed a warrant, survey, and patent to Hugh Ferguson, and then offered a copy of his will, dated 31st of May 1830, which was objected to, that the original probate of the will is not sufficient; it is only proved by one witness; that the deposition made by Elizabeth Connell, who was Elizabeth Pennock, before a justice of the peace, is insufficient, because the justice had no authority to administer the oath.

Objection to the second probate: that the commission issued by the register of Philadelphia county is not under his seal of office; that the commission, issued to Henry C. Moorhead and Samuel Darlington, or either of them, and the deposition taken in pursuance of that commission, was not taken by either of them, but by Robert Morrow, Esq.   The witness does not prove that Hugh Ferguson acknowledged it to be his last will and testament, nor that she signed it as a witness in the presence of the testator.

The subscribing witnesses to the will are Elizabeth Pennock and H. B. Pennock.

On the 6th of February 1835, H. B. Pennock proved the will before J. Haines, register; and Joseph Gatehill (the other witness being absent) proved the hand-writing of the testator.

11th of December 1839.   J. M. Pennock (Elizabeth Pennock now E. Connell, living in Pittsburg) proved her hand-writing before the deputy register.

25th of January 1840.   Interrogatories were filed by Stewart and Maxwell, owners of the land, in the register's office, to be put to E. Connell, as to her knowing testator, his capacity, and her attestation to the will.

[Loy v. Kennedy.]

9th of March 1840. A commission was issued by the register of Philadelphia county, to H. C. Moorhead and Samuel Darlington, of Pittsburg, deputing them or either of them, " to call before you the said E. Connell, late E. Pennock, for the probate of the said instrument of writing; and we do hereby give and grant unto you, and each of you, full power and authority to examine the said Elizabeth, and reduce her testimony to writing, and transmit the same to our said register, &c."

14th of March 1840. E. Connell affirmed before A. Barclay, Esq., a justice of the peace of Alleghany county, to her signature to the will.

13th of June 1840. Formal return to the commission by H. C. Moorhead, commissioner, stating that " E. Connell, being first duly affirmed in my presence by Robert Morrow, Esq., one of the *a*ldermen in and for the city of Pittsburg, deposeth and saith:

1. " I did know Hugh Ferguson, late of the city of Philadelphia.

2. " I did see Hugh Ferguson sign the written document annexed to the said commission, and acknowledge it to be his act and deed. He signed it in the presence of Horatio B. Pennock, on 31st of May 1830.

3. " From every appearance about him, at the time, I believe that he was of sound mind, memory, and understanding.

4. " The signature, Elizabeth Pennock, subscribed to the said document as a witness, is my handwriting, and I did sign it.

" ELIZABETH CONNELL.

" Signed in my presence.

" HENRY C. MOORHEAD, *Commissioner.*"

The court admitted said copy in evidence, and defendants took an exception; and, the verdict being for the plaintiffs, the defendants sued out this writ of error, and assign said decision for error.

*Watts* and *Alexander*, for plaintiffs in error. This was an ejectment for land, and the will was an essential link in the chain of title; if it was not well proved, it was error to receive it in evidence, upon the same principle, that no muniment of title can be given in evidence until it be duly authenticated. The probate before the register, it has been well settled, is only conclusive as to personalty, but leaves the question open for the decision of a jury in an action of ejectment for the land. Was this will proved according to law? There were two subscribing witnesses to it, both alive, and within the state. The will was proved by one of them, and the handwriting of the other was proved. By the 9th section of the Act of 1832, the register is authorized to issue a commission to take the testimony of an absent witness; this shows very clearly that the proof of her handwriting is not sufficient, when her own testimony may be taken. The Act requiring

that the testimony of the witness should be taken, a commission issued: but it was not authenticated by the official seal of the register, which is the only mode of authenticating official acts. 2 *Penn. Rep.* 209; 1 *Serg. & Rawle* 92; 2 *Serg. & Rawle* 393.

*Reed*, for defendants in error, argued that the probate before the register was conclusive; and if it were not, the will was well proved. He referred to the several sections of the Act of Assembly respecting the register's duty, and probate of wills, and cited 3 *Rawle* 35; 1 *Watts* 442. An *ex parte* deposition is good in such case. 4 *Yeates* 413; 2 *Yeates* 532; 12 *Serg. & Rawle* 203; 3 *Binn.* 192.

The opinion of the Court was delivered by

Rogers, J.—The 5th section of the Act of the 15th of March 1832, enacts that every register shall have jurisdiction within the county for which he shall have been appointed, of the probate of wills and testaments. The 13th and 25th sections provide the mode of proceeding when objections are made, or caveats entered, and the 31st section enacts that from all judicial acts and decisions of the registers, appeals may be taken to the Register's Court. In the performance of this duty, the register is a judge, and admitting the will to probate is a judicial act, and the only remedy given to the party aggrieved is an appeal to the Register's Court. It is settled in repeated decisions, that the sentence or decree of a judge or court of competent jurisdiction is conclusive, and cannot under any pretence be re-examined in a collateral proceeding. To this will there were two subscribing witnesses. One of them personally appeared before the register, and proved the will in proper form. The other being absent, the register after proof of the hand-writing of the testator, admitted the will to probate, and granted letters testamentary to the executors named in the will. These letters have never been revoked, and although there is no formal decree that the proof of the will was deemed good, yet that the will was admitted to probate we cannot doubt, as otherwise the grant of letters of administration to the executors, would be preposterous and absurd. Although this laxity in practice is not to be commended, yet we cannot venture to' say, that where a formal decree is omitted, the whole proceeding is to be considered null and void. It is believed that such strictness would, under our loose practice, be productive of more harm than good. In *Logan* v. *Watt*, (5 *Serg. & Rawle* 212) it was contended that a register was not constituted a judge of what a legal probate is, so as to render his certificate to that effect evidence. This was denied, and the court decided that the certificate of the Register of Wills, that a will of lands had been duly proved, and approved before him, and a copy thereof annexed, is *primâ facie* evidence of such will, though a copy of the

[Loy v. Kennedy.]

probate is not set out. The court held that the register was a judicial, and not a ministerial officer, as regards this part of his duty, and that the only remedy of the party aggrieved by his decree, was an appeal to the Register's Court. The only difference in this case is, that in *Logan* v. *Watt,* no copy of the probate was set out, and here the register certifies the will defectively proved, but this does not prevent it from being *primâ facie* testimony, at least, and as such admissible in evidence. The proof of the will being deemed defective, attempts were made to remedy this defect, by proving in the first place, the hand-writing of the subscribing witness; and secondly, by a commission to Pittsburg, to examine Elizabeth Pennock, now Connell, the other subscribing witness, on interrogatories. To the latter proof two objections are made: First: That the witness proves that she saw Hugh Ferguson sign the written document annexed to the commission, and acknowledge it to be his *act and deed;* and secondly, that the commission is not under seal. The first has been faintly pressed; surely this is a good authentication of the instrument as a will, accompanied by proof that the person signing it was of sound disposing mind. To require more would frequently do mischief, as a testator is frequently disposed to conceal the fact, that the instrument executed is a will. But does the want of an official seal to the commission invalidate the probate? The commission to examine the witness was issued under the authority of the 9th section of the Act of the 15th of March 1832, and should have been under the official seal of the register; this is another of the tissue of blunders into which the successive registers have fallen. But, notwithstanding the want of the seal, we think that on this trial the objection cannot avail the defendant. The commissioners have acted on the commission, it has been returned to the register, who has received it, and has certified it as part of the record under his official seal. This supplies the want of an official seal to the commission, which was nothing more than the authentication of the authority of the commissioners to take the examination of the witness.

Judgment affirmed.