## Leckey *et al. versus* Cunningham *et al.*

1. Disqualification by proceedings at law for performing ordinary lawful acts is a deprivation of individual rights, and to have effect must be complete.

2. A man was found an habitual drunkard and a committee appointed, who neither gave bond nor took charge of his property; he managed his affairs till his death, thirty-five years afterwards. This raised a presumption of the abandonment of the proceedings and that they were discharged.

3. The proceedings are for the protection of the family, and if they do nothing under the inquest, the presumption, after a lapse of more than twenty years, is that the party is restored or reformed.

4. The finding of an inquest is, in a question of testamentary capacity, never more than primâ facie evidence of the want of it, and its effect is to shift the burden of proof to the party asserting capacity.

5. The law holds a contract void if made while such finding exists in force, but its operation is different when it is simply to establish a condition of mind: Per Thompson, C. J.

6. Proof by subscribing witnesses, that they signed the will in the testator's presence and at his request, and that he declared it to be his will, although they could not recollect that he signed it in their presence, is sufficient.

7. The register issued a precept, before the Act of March 27th 1865 (allowing executors to testify), directing an issue on a will between the residuary legatees as plaintiffs and the caveators as defendants; after the passage of the act, the court directed the issue to be between the executors as plaintiffs and the same defendants. *Held*, that the executors were competent witnesses to sustain the will.

November 19th 1867. Before THOMPSON, STRONG, READ and AGNEW, JJ. WOODWARD, C. J., absent.

Error to the Court of Common Pleas of *Fayette county:* No. 31, to October and November Term 1867.

This was a feigned issue to try whether a certain paper writing, dated November 14th 1860, was the will of Alexander Leckey, deceased.

On the 23d of February 1865 Alexander Leckey and others entered with the register a caveat against the probate of the paper in question, and requested the register to issue a precept to the Court of Common Pleas directing an issue to try its validity. On the 24th of February 1865, the register issued his precept to the Common Pleas, reciting that Elizabeth Baird and Mary Fogle, with their husbands, had presented the paper for probate, and directed an action to be entered upon the records of the court between Elizabeth Baird and Mary Fogle, who were residuary legatees in the will, as plaintiffs, and Alexander Leckey and others as defendants. When it came into the Common Pleas the court,

[Leckey *v.* Cunningham.]

on the 8th of September, directed the issue to be formed between James Cunningham and Uriah Higginbotham, the executors, as plaintiffs, and the caveators as defendants.

One of the witnesses to the will proved his own signature, said he signed it in the presence of the testator, who told him it was his will and requested him to sign it as a witness; witness did not see the testator sign. The other witness said that he would not say he was present when the testator signed, he signed at the testator's request, who said it was his will. Another witness, acquainted with the handwriting of the testator, testified that he believed the signature was his.

The testator died in November 1864.

The will was then offered in evidence but the defendants objected to its admission as not sufficiently *proved*. It was received and a bill of exceptions sealed.

The defendants then gave in evidence the record of proceeding in Court of Common Pleas, by which the testator was found an habitual drunkard. The inquisition was confirmed January 8th 1829. David Jennings and Jeremiah Kendall were appointed his committee, and a certificate of their appointment issued; the record shows no further proceedings in the case. They gave evidence also as to his incapacity; several witnesses testified that, in their judgment, he had been for a number of years incapable of attending to business, &c.

The plaintiff, in rebuttal, offered James Cunningham, one of the executors and a plaintiff. He was objected to as a party to the issue. The court ruled that he was competent under the Act of March 27th 1865, admitted him to testify, and sealed a bill of exceptions.

He testified that he drew the will, that the testator dictated it, spoke understandingly of his affairs and their disposition amongst his children by the will, that he had testamentary capacity, and that he signed in the presence of the subscribing witnesses. The defendants gave evidence as to his capacity by other witnesses, that he had conducted his affairs till he had a stroke of paralysis, about three years before his death, also that he had reformed ten or twelve years before his death, and had joined the church, and that his committee never acted under their appointment.

The court (Gilmore, P. J.) charged: * * * "That the inquest has a bearing on the capacity of the testator. It amounts to primâ facie evidence and no more, that he was incapable of making a will, until the contrary is established. This is the full effect of this evidence. We do not believe that a man who is declared an habitual drunkard, and placed under a committee, is incapable of making a will. He cannot make binding contracts in respect to his estate; but if he has the right kind of testamentary capacity, existing at the time of making and declaring

[Leckey *v.* Cunningham.]

his will, it will be good; but the evidence of this capacity would have to be clear.  So here we say that the most effect which this inquest can have, is to require that the plaintiffs should make out, to your satisfaction, clearly that the testator had sufficient mental capacity to make his will at the time of making it.

\*          \*          \*          \*          \*          \*          \*

"Mere feebleness of intellect is not sufficient to destroy the validity of a will, unless where fraud, imposition or duress is proved.  But in this case it is our duty to say to you that we cannot see any evidence of any kind of fraud in procuring this will."

The verdict was for the plaintiffs.  The defendants took a writ of error and assigned for error the admission of the will and of James Cunningham as a witness; and the portions of the charge above given.

*Kaine* and *Boyle*, for plaintiffs in error, cited McKee *v.* White, 14 Wright 354; Rees *v.* Stille, 2 Id. 138; Miller *v.* McNeill, 11 Casey 217; Acts of March 27th 1865, Pamph. L. 38; March 15th 1832, § 13, Pamph. L. 136, Purd. 273, pl. 5; Clark *v.* Caldwell, 6 Watts 139; Imhoff *v.* Witmer, 7 Casey 243; Hutchinson *v.* Sandt, 4 Rawle 236; Rogers *v.* Walker, 6 Barr 371; Gangawere's Estate, 2 Harris 428.

*E. Campbell*, for defendants in error, cited Act of March 27th 1865; Rees *v.* Stille, *supra;* Cowden *v.* Reynolds, 12 S. & R. 281; Sholly *v.* Diller, 2 Rawle 177; Snyder *v.* Bull, 5 Harris 54; Dotts *v.* Fetzer, 9 Barr 88, 89; Stone *v.* Damon, 12 Mass. 488; Bixler *v.* Gilleland, 4 Barr 156; Hoge *v.* Fisher, 1 P. C. C. 163; Grabill *v.* Barr, 5 Barr 441; Repsher *v.* Watson, 5 Harris 365.

The opinion of the court was delivered, January 7th 1868, by

THOMPSON, C. J.—Disqualification by proceedings at law for performing ordinary lawful acts, is a deprivation of individual rights, and in order to have effect must be complete.  The instance before us illustrates this idea perfectly.  The testator, Alexander Leckey, was, in 1829, declared an habitual drunkard; but his committee neither gave bond nor took charge of his property, and from that day until the day of his death, a period of thirty-five years, he managed his own affairs in his own way.  This was sufficient and more than sufficient to raise a presumption of abandonment of the proceedings, and that they were discharged.  They were primâ facie evidence of nothing.  Thirteen years, in Bixler *v.* Gilleland, 4 Barr 156, in which nothing had been done under the decree that the party was an habitual drunkard, was thought by the judge who delivered the opinion of this court, to be sufficient

[Leckey v. Cunningham.]

to raise the presumption that his family and friends were satisfied that no committee was needed.   It is a proceeding for their protection; and if they do nothing under the inquest, the fair presumption, especially after the lapse of more than twenty years, is, that the lunatic is restored, or the drunkard reformed.

But even if this were not so, there is no case in which the finding of the inquest has ever been held to be more than primâ facie evidence of want of testamentary capacity.   The effect of the inquest is to shift the burthen of proof to the party asserting capacity, instead of where it would otherwise lie, on the party alleging incapacity.   There is a great difference in allowing its effect on a contract which the law holds void by reason of it, while it exists in force, and where its operation is simply to establish a condition of mind.   It seems to me it may well have more force in the one case than the other.   Be this as it may, however, the learned judge gave all the effect that the inquisition was entitled to in any circumstances.

There was not a particle of evidence that the testator was a drunkard when the will was made, and the plaintiffs having the affirmative, proved he was not, but had been a reformed man and a member of a church, for twelve or fourteen years anterior thereto.

The proof by the subscribing witnesses was abundant.   They both testified to subscribing the will in the testator's presence and at his request, and that he declared that it was his last will. They could not recollect that he signed it in their presence.   The proof was enough without this: Loy v. Kennedy, 1 W. & S. 396. Proof of attestation proves the will, although the witnesses may have forgotten all about the circumstances: McKee v. White, 14 Wright 360.   Proof of handwriting, if the witnesses be dead, out of the country, insane, infamous or interested, is sufficient: 6 Barr 409; 1 Jones 498; 5 Harris 60; 6 Casey 218.

The testimony of Cunningham, proving the signing of the will by the testator in the presence of the subscribing witnesses, did the defendants no harm even if he had been incompetent.   But he was not.   The Act of 27th March 1865 made him competent, if he was not before, which we need not decide.   He was not a party to any case pending to test the validity of this will, until the 8th of September 1865, when the issue was ordered in the form it stood at the trial, by the Common Pleas.   The precipe of the register directed the issue to be joined between Elizabeth Baird and Mary Fogle, on the one part, and Alexander Leckey et al. on the other.   On the 8th of September 1865, however, the Common Pleas changed this, and substituted the executors, Cunningham and Higginbotham, as plaintiffs, and this was Cunningham's first appearance on the record as a party, and he was at that time

[Leckey *v.* Cunningham.]

clearly competent, if not before, having no personal interest in the controversy.

The court committed no error in that portion of the charge assigned for error, and none in the record that we can discover, and the

Judgment is affirmed.