## In the Court of Common Pleas of Schuylkill County.

### DANIEL ZERBE, *et. al. v.* EDWARD ZERBE, *et. al.*

#### *In Equity.*

Heirs at law cannot be disinherited by merely negative words in a will—there must be a devise to another to effect that purpose.

Where a will duly executed appoints executors and authorizes them to sell the property, the power of the executors to act and sell is not taken away by the fact that the only devise of property in the will is void.

A will authorizing executors to sell the property, will authorize a sale of the real estate.

Opinion delivered January 4th, 1875, by

GREEN, J.

This bill in equity asks us to restrain the defendants from selling the real estate of Daniel Zerbe, deceased, which has been advertised by them, as executors of said deceased, for sale. This injunction is asked for upon the ground that the alleged will of the decedent is not his will, that it does not devise or bequeath any property, and that the letters testamentary are a nullity, and the defendants but intermeddlers with the property, and that the property descended to the complainants and other heirs of decedent under the intestate laws of the commonwealth. The bill also sets forth that application has been made to the Register of Wills, to revoke the letters testamentary, and issue letters of administration.

The will is thus attacked not by reason of any invalidity in its execution, nor that the testator was not of sufficient capacity to make a will, nor by reason of any undue influence, but because of the contents of the will itself, which are alleged to be so invalid as to devise nothing, and to give no power to the executors named in the will.

The will in its devising clause is evidently defective. It "gives and bequeathes" to certain of testator's children and grand-children; but what it gives, whether one dollar or thousands, whether the personal or real property, or but a portion of either, can only be guessed at or surmised.

The scrivener who wrote the will, has, either through ignorance or carelessness, omitted the vital word.

The next clause of the will is as follows:—"Item—my sons Daniel and James and my daughter and Louisa's child, Edward Hummel, they shall have nothing of my estate; they have more now than their shares would come to."

The counsel for the complainants have argued at very great length, that under the authorities, the children named in the devising clause, take nothing, because nothing is given,—that words cannot be supplied or added in order to make the devise of effect, particularly when words of different import will answer equally as well. They also contend that the clause disinheriting the complainants, is invalid and of no effect, because merely negative words are not sufficient to deprive the heir at law of his inheritance—that the estate must be given by will to another, otherwise the heir takes the estate. It is claimed as a consequence that the estate of the decedent descends to his heirs at law, and that the will is a nullity.

That merely negative words in a will, will not be sufficient to deprive the heir of his inheritance, is shown by abundant authority. No one but the heir can take without a valid will, and it follows necessarily from this, that if a devise to strangers or to some heirs, in exclusion of others, is invalid, then the heir must take. The stranger can only take by force of the will. If it were not so, we should have the anomaly presented of the heir being disinherited by force of the negative words of the will, and the stranger or some of the heirs taking by virtue of an intestate law, which does not provide for him or them.

Powell's rules for the construction of devises, as also Jarman's rules, lay it down as undoubted law. "That the heir is not to be disinherited without an express devise, or necessary implication; such implication imputing not natural necessity, but so strong a probability that an intention to the contrary cannot be supposed." Williams on Ex's. vol. 2, 971.

Our own Courts have followed this rule of construction, Bender vs. Dietrick 7 W. & S. 284. Hitchcock vs. Hitchcock, 11 Casey 393. Says Woodward, J. who delivered the opinion of the Court "and still another rule applies here—that merely negative words are not sufficient to exclude the title of the heir or next of kin. There must be an actual gift to some other definite object." While therefore the general principle is true, that the intention of the testator is to govern in the construction of the will, that intention is but incomplete which only excludes and does not devise. It is not sufficient to avoid the operation of the intestate laws.

Whether the omitted word or words can be supplied in the clause which gives and bequeathes to certain of the children and grand-children of the testator, so as to make the devise good and valid, is a question

which we think it would be premature at this time for us to decide, under the view we take of this case.

We are asked to enjoin the executors from selling the real estate of the decedent. The only question that can arise here, is as to the power of the executors under the will, the validity of the execution of the will not being contested. The clause of the will bearing upon this is as follows: "Last and also I appoint my son Edward, and John Zimmerman, farmer, as my executors, of this my last will and testament, and they shall have a right to sell the property and make it into money when they think fit to do so, or when it will bring the most money." It is contended that if the devising clause falls, that then the whole will falls, and that therefore the power of the executors to act or to sell, falls with it. But this is a *non sequitur*. There is no such necessary connection between the two as to make the latter clause invalid if the former is.

Even if the devise is invalid on account of its uncertainty, it does not follow that the executors may not act and sell the property, nor does any inference arise that the testator intended that the latter clause should be invalid if the devise was of no effect. If the will had contained no devise at all, but simply appointed executors, it would have been good and valid. For this there is abundant authority. See Redfield on Wills vol. 2 p. 59. Rose v. Quick 6 Casey 225.

The only remaining question that it is necessary to determine in deciding whether an injunction shall issue or not, is as to the property which the executors are empowered to sell. To what do the words "the property" refer? The complainants contend that the executors can only sell what is devised, that they are executors of nothing, and therefore can sell nothing. This is ingenious but it is far-fetched. The grammatical construction would not refer "the property" to the devising clause, but to the immediately preceding clause in which the testator speaks of "my estate" and to which the word property would more gramatically and just as naturally refer. If both the latter clauses refer to, or explain the property intended to be devised, then it is evident that "the property" and "my estate" are one and the same thing.

The word property is one of large signification and comprises things both real and personal. It is as extensive as the word estate, and its use will authorize the selling of testator's real estate, unless the word has become limited in it meaning by the use of the definite article. See the case of Foster v. Stewart 6 Harris 23 where the authorities are reviewed and commented upon as to the extent of the word. The definite article as used here is evidently synonymous with, my, and should be so construed. It follows from all I have said that this injunction must be refused.

Quite a number of other questions were discussed in the course of the

argument,—such as the power of the court to decree the will invalid in a collateral proceeding—the power of a court of equity to interfere by injunction, and whether the complainants had not an ample remedy at law, either by their action of ejectment, if the executors had not the power to sell, or by coming in and claiming their distributive share of the money arising from the sale, if they had the power, but under the view I have taken, it is not necessary to determine them in order to decide whether an injunction shall issue or not.

Injunction refused.

---

Concurring opinion filed Jan. 4th, 1874, by

WALKER, J. This bill sets forth that Daniel Zerbe died in February, 1874, seized of a certain real estate in this county and that the defendants, claiming to act as executors, under and by virtue of a paper purporting to be the will of the decedent, have advertised and threatened to sell the real estate at public sale—and an injunction is asked to restrain them from proceeding, on the ground that the paper under which they are acting, is not the will of said Daniel Zerbe.

The paper bearing date the 10 Jan., 1873, signed by the decedent, has been filed in the Register's office and duly probated, and letters testamentary have been issued to the defendants.

The complainants are the heirs of the decedent.

Shall this injunction be granted?

The paper has been admitted to probate, and that fact is presumptive evidence of its validity, and stands until overthrown. Kenyon v. Stewart 8 Wr. 179. Holliday v. Ward, 7 Harris, 485. Shield's Appeal 8 H. 291. 1 C. 142.

If there be error in this judicial order of the Register, the remedy is by appeal to the Register's Court, under the act of 15 March, 1832—sec. 31. Pur. Dig 1255, Pl 19—1 W. & S. 396.

While the Register's decision stands, proceedings in equity cannot be entertained to impeach it—for a decree of a court of competent jurisdiction cannot be set aside in a collateral proceeding. 7 Watts 51. 12 H. 330. 1 W. & S. 396.

It is contended that the will is unintelligible and therefore void for uncertainty. Kelley v. Kelley 1 C. 460.

But it is a writing appointing executors, and authorizing them to sell his property. A will is good as to personal property where it only appoints executors. Rose v. Quick 6 C. 225, and even the word executors is not material, Carpenter v. Cameron 7 W. 51. See Kimmel v. Wagner, 2 Leg. Chron. 115.

The only question involved in this application in my opinion is to the construction of the will, as to the power of the executors to sell the

real estate of the testator. There can be no doubt as to their right to sell the personal property, for the probate of the will as to that, is final and conclusive. Logan v. Watts 5 S. & R. 213. Thompson v. Thompson, 9 Barr 234.

And the executor has control over the personal property of the decedent. 2 Redfield on Wills 116-117-210.

Whether some of the heirs are disinherited or not, will more properly arise upon the distribution of the fund by the executor. Hitchcock v. Hitchcock 11 C. 393. Asay v. Hoover 5 Barr 21.

But there are other reasons why this injunction should not issue. There is no allegation that irreparable injury will ensue, and the facts set forth do not show that to be the case. Adams' Equity 220. High on Injunctions § 464.

If an adequate legal remedy exists, the injury is not irreparable, Clarke's Appeal 12 P. F. S. 447. New Boston v. Pottsville Water Co., 4 P. F. S. 164.

In an action of ejectment (1 R. 408, and 6 Barr 435) a construction of this will, as to the power of the executors to sell the real estate, would be given. At least it is a question of doubt, and unless the necessity be clear, a court of equity will not intervene by injunction. High on Injunctions §10. 4 Wr. 194.

For these reasons we think the injunction should be refused.

Injunction refused.