WIBRIGHT
v.
WISE.

---

## WIBRIGHT v. WISE.

The motion of a defendant to set aside a *capias ad respondendum*, must be made as early after the return of the writ as is convenient and practicable, according to the rules of the Court; and before he has taken any step in the defence of the suit.

If a *capias ad respondendum*, concluding with the words, "Witness *A. B.* clerk of the —— Circuit Court," &c., be in every respect formal, except that it have not the clerk's signature at the close of the teste,—it is sufficient under the statute.

APPEAL from the *Madison* Circuit Court. The *capias ad respondendum* in this case, issued by the clerk with the seal of the Court affixed, concluded as follows: "Witness *Robert N. Williams*, clerk of the *Madison* Circuit Court, and its seal hereto affixed at *Andersontown*, the 22d day of *July*, 1835." On the second day of the term to which the writ was returnable, the defendant,—as his first step in the case so far as the record shows,—moved the Court to quash the writ on the single ground, that the clerk's name was not subscribed at the conclusion of the teste. This motion was sustained.

Monday, December 21.

There are two errors assigned. 1. That the defendant could

18

*Nov. Term, 1835.*

*WIBRIGHT v. WISE.*

not, after appearance, object to the writ. 2. That the writ was sufficient.

STEVENS, J., stated the points in the cause, and explained the nature of the original writ in *England* and the process founded upon it (1). He then proceeded as follows:

It may be observed that the common law doctrine as practised in *England* respecting process, is in the general applicable to our writs unless altered by statute; and that, therefore, mere errors in our writs are cured by the appearance of the defendant. But there is a distinction between errors that only render the process voidable, and defects that render it void. Simple appearance does not cure the latter. Process in *England*, and our writs answering to those called process in *England*, form no part of the record; errors in them cannot be assigned for error: hence the only remedy is to move to set aside the proceedings; and that should be done before appearance, unless the writ is wholly void. In the latter case, a mere appearance will not cure the defect. The appearance, however, here spoken of, does not simply mean the coming of the defendant into the court-house; it means an appearance to the action, such as perfecting bail, or taking some step in the action towards a defence. The party must come before the Court, or he can make no objection to the writ, and this he cannot do until the writ is returned. The rule appears to be this: The motion must be made as early after the return of the writ, as is convenient and practicable according to the rules of the Court, and before any step is taken in the defence. The taking a copy of the declaration out of the office, has been decided to be such a step as will cure errors in process. 3 Bl. Comm. Chitt. ed. 287, *n.* 10.—1 Sell. Pr. 108. In this case, the party appears to have made his motion in due time; that is, there is nothing of record to show or even raise a presumption to the contrary (2).

The question then is, should the motion have prevailed? The appellant appears to rest his case upon the common law. The common law will not sustain him. At common law, his writ would have to be tested in the name of the President Judge, and then be sealed with the seal of the Court, and officially signed by the clerk. The clerk is the keeper of the seal of the Court at common law; and when he seals process, he must officially sign it to show that it was sealed at the proper

mint of justice. This writ at common law is erroneous. In the state of *New-York*, the common law form exists as to the teste of writs. They are tested in the name of the Chief Justice; but the clerk must put the seal of the Court to them, and officially sign them; and it is error if he fail to sign his name. *Pepoon* ats. *Jenkins*, Col. & Caines' Cas. 60. Our statute, however, has altered the case. By the 6th section of the act organizing Circuit Courts, Rev. C. 1831, p. 140, it is enacted, that all writs issuing out of these Courts, shall bear teste in the name of the clerk of the proper Courts, &c. The clerk in issuing the writ now before us, appears to have substantially complied with that provision of the statute. The teste is in his hand-writing and is in these words: "Witness *Robert N. Williams*, clerk of the *Madison* Circuit Court," &c. This appears to us a sufficient signing and a sufficient teste. It is tested in due form as required by statute; and as that teste contains the name and official character of the clerk in his own hand-writing, it appears to be sufficiently signed to show that it issued from the proper mint of justice; and that is all that can be required.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Kilgore*, for the appellant.

*W. Quarles, H. Brown*, and *C. Fletcher*, for the appellee.

(1) *Original writs* in *England*, in personal actions commenced in the superior Courts at *Westminster*, have been recently abolished. Such suits are now commenced in any of those Courts by a writ of *summons*, where the process is not bailable; a writ of *capias*, where the defendant is held to bail; and a writ of *detainer* against prisoners in custody. 3 Toml. Law Dict. 836.

(2) The *appearance* of the parties is no longer (as formerly) by the *actual presence in Court*, either of themselves or their attorneys. It is effected on the part of the defendant, (where he is not arrested,) by making a certain formal entry in the proper office of the Court, expressing his appearance, or, in case of arrest, it may be considered as effected by giving bail to the action. On the part of the plaintiff, no formality expressive of the appearance is observed; but upon appearance of the defendant, effected in the manner above described, both parties are considered as *in Court.* Steven's Pl. 26.

*Appearance* is the first act of the defendant in Court; but in practice many applications are made by and on behalf of defendants, before their appearance is perfected. Those applications are usually grounded upon the adoption of an inapplicable process by the plaintiff, or on some defect or irregularity in the mode of issuing the species of process which has been employed, or in its form or execution.

It has been expressly declared by a rule of all the *English* Courts, that if the plaintiff or his attorney has omitted any of the necessary insertions or indorsements on the writ or copy thereof, the defendant is not therefore at liberty to treat the process as a *nullity;* for the writ is not void on account of the omission, but upon application to the Court out of which the process issued, or to a judge of any of the Courts, the process and all proceedings under it may be set aside as *irregular.* R. M. 3 Will. 4. In accordance with the previous practice, it is also declared, that no application to set aside process or proceedings for irregularity shall be allowed unless made *within a reasonable time,* nor if the party applying has taken a fresh step with a knowledge of the irregularity complained of. *Ibid.* Bagley's Prac. 95.—*Lewis* v. *Brackenridge,* Vol. 1 of these Reports, 115.

There are, however, a few defects in practical proceedings that have been considered not merely as irregularities, but as nullities and not aided by delay. If, for example, a proceeding be declared void by statute,—as the service of process on a *Sunday,*—it is decided that the defendant, in such a case, might have the proceedings set aside, though the objection was not made until after a rule to plead had been given. *Taylor* v. *Phillips,* 3 East, 155. But such cases, it is said by Mr. *Chitty,* require much consideration; and it cannot be supposed that the doctrine is, that a nullity in an early stage of a cause may not be waived; thus, if a defendant plead in bar, and there have been a regular trial and verdict, it is not to be supposed that the latter, or the judgment and execution thereon, would be afterwards set aside on the ground that there was no writ of summons, or no formal appearance for the defendant entered. 3 Chitt. G. P. 525. *Vide Lagow* v. *Patterson,* Vol. 1 of these Rep. 327.—*White* v. *Rankin,* 2 id. 78. *Eldridge* v. *Folwell,* 3 id. 207.—*Perkins* v. *Smith, May* term, 1837, *post.*