SHAFFER *et. al.* v. TRIMBLE *et. al.*

Where a party before a justice of the peace, moves for a continuance of the cause and for a change of venue before objecting to the summons; such acts will amount to a general appearance which cures all defects in the form and service of process.

## Error to Appanoose District Court.

*Opinion by* GREENE, J.   An action of trespass commenced before a justice of the peace by the plaintiffs in error.   We infer from the very defective transcript in this case, that on the return day of the writ the parties appeared, and the plaintiffs filed their affidavit for a continuance on the ground that witnesses could not be had in time for trial.   The defendants admitted the facts which the plaintiffs expected to prove by those witnesses and claimed that the trial should proceed.   The defendants thereupon made application for a change of venue which was accordingly granted, and then moved to dismiss the proceedings for the reason that the amount of damages claimed by plaintiffs including interest and costs, was not indorsed upon the summons as required by statute.   *Rev. Stat.* p. 317, § 15.   This motion was overruled.

The defendants submitted to a trial upon the merits, before the justice to whom the venue was changed. Verdict and judgment for the plaintiffs.

An appeal was then taken to the district court where the defendants renewed their motion to dismiss, which was granted.

The question is now presented, did the court below err in dismissing the suit on the ground that the amount of plaintiff's claim was not indorsed on the summons. This defect would justify such a decision, where the objection is not waived by the general appearance of the defendants. The transcript in this case shows such appearance before any objection was made to the indorsement. The defendants appeared, and on the affidavit made for a continuance, admitted certain facts to be true, and demanded a trial. Again, they appeared and applied for a change of venue before the motion to dismiss first appears to have been made. It is a well settled rule and one which has been repeatedly confirmed by this court, that the appearance of a defendant cures all defects in a summons, or in the service of process. Morris, 21, 113, 223, 403; 4 Blackf. 137; 5 ib. 97. Besides, the defendants waived this objection by availing themselves of a change of venue and by going to trial before the second justice, without making any objection before him to the indorsement on the summons.

The decision of the district court in dismissing the suit is therefore reversed, and the cause will stand for trial in that court upon the appeal.

Judgment reversed.

*W. H. Brumfield*, for plaintiffs in error.

*S. W. Summers*, for defendants.