COLLINS *v.* NICHOLS.

7   447
155   440

The defendant in attachment, after appearance, may, by the R. S. 1852, move to quash the attachment; but for matter not appearing on the face of the proceedings, he should plead in abatement.

In a proceeding in attachment, commenced before a justice of the peace, founded upon the allegation of the defendant's non-residence, the defendant, after an appearance to the action, a continuance by agreement, a trial, an appeal to the Common Pleas, and another continuance, moved that the attachment should be quashed and the suit dismissed, on the ground that when the suit was commenced, he was a resident of the county where it was brought.

*Held,* that the objection was made too late.

*Held,* also, that after his appearance to the action, the suit could not be dismissed for the cause assigned.

A party should avail himself of matter in abatement at the earliest opportunity.

When a defendant in attachment is personally served with process, or appears to the action, the cause proceeds, under the R. S. 1852, as in other cases, and judgment is rendered personally.

APPEAL from the *La Grange* Court of Common Pleas.    *Wednesday, May 28.*

GOOKINS, J.— *Collins* commenced a suit by attachment before a justice of the peace, alleging that the defendant, *Nichols,* was a non-resident of the state. On the return day, the parties appeared, and the cause was continued by agreement to a future day, when they met and tried the cause. The justice gave judgment for the defendant, from which the plaintiff appealed to the Common Pleas, where they again appeared, and continued the cause to a subsequent term; at which term the defendant moved that the attachment be quashed, and the suit dismissed, and against the plaintiff's objection, was permitted to prove, in support of the motion, that at the time the writ of attachment was sued out, he was a resident of *La Grange* county. The Court dismissed the suit, and the plaintiff excepted.

1. A defendant, after appearance, may move to quash the attachment; 2 R. S., p. 70, s. 188; but for matter not apparent on the face of the proceedings, he should plead in abatement. *Ibid.,* p. 455, s. 34. 2. After appearing to the action, a continuance by agreement, a trial, an appeal, and another continuance, it was too late to make the objection

in any form. A party should avail himself of matter in abatement at the earliest opportunity. *Wibright* v. *Wise*, 4 Blackf. 137.—*Swift* v. *Woods*, 5 *id.* 97. 3. That the plaintiff was a resident was no ground for dismissing the suit, after answering to the action, whatever effect it might have had upon the attachment. When a defendant is personally served, or appears to the action, the cause proceeds as in other cases, and judgment is rendered personally. 2 R. S., p. 70, s. 188.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings, not inconsistent with this opinion.

*A. Ellison*, for the appellant.

*J. B. Howe*, for the appellee.