THE STATE OF OREGON, Respondent, *v.* JAMES McCORMACK, Appellant.

Larceny of Different Articles, One Offense.—Where a person is charged with the larceny of a horse, saddle, and bridle, taken at the same time and place, and from the same person, the whole transaction constitutes but *one crime*, and but *one* indictment can be sustained for such taking, and if the prosecution see proper to split up the transaction into two offenses, by causing two indictments against such person for that which is but one crime, a conviction or acquittal on one may be pleaded as a bar to a subsequent prosecution on the other.

Idem.—When a man has done a criminal act the prosecutor may carve as large an offense out of the transaction as he can, yet he must cut only once.

Appeal from Douglas County. The facts are stated in the opinion.

*Bonham & Holman,* for appellant.

There was no appearance for the state.

By the Court, Prim, J.:

The appellant was indicted by the grand jury of Douglas county for the crime of larceny of a saddle and bridle, alleged to have been stolen from one James Doolin, on November 1, 1879, to which indictment he pleaded guilty as therein

charged, and for which he was duly sentenced. At the same term of court, the appellant was also indicted for the crime of larceny of a horse alleged to have been stolen from said James Doolin, at the same time and place as in the indictment above mentioned. To this second indictment the appellant pleaded not guilty, together with a plea of former conviction for the same offense. The evidence, as reported in the bill of exceptions, shows that the horse, saddle, and bridle were taken by the appellant at the same time and place, and from the same person. The indictment and judgment of conviction on the charge of larceny of the saddle and bridle were admitted in evidence without objection. The appellant was convicted and sentenced for the larceny of the horse as charged in the second indictment, and from this judgment an appeal has been taken to this court.

The circuit court, among other things, instructed the jury as follows: "That a former conviction and judgment against the appellant of the crime of larceny of a saddle and bridle, taken at the same time and place from the same person, in the same transaction as the horse, for which he has been indicted, and is now being tried, is not a bar to the prosecution for the larceny of the horse, and will not sustain the plea of a former conviction entered by the appellant in bar of this prosecution."

To the giving of this instruction, appellant, by his counsel, then and there excepted, and assigns it here as error. This raises a very important question to be for the first time passed upon by this court, and it is therefore to be regretted that the state was not represented by counsel upon the argument.

It is stated, however, by counsel for appellant, that it was necessary to bring two indictments, because the larceny of the horse would be punishable under section 555 of the criminal code, while the larceny of the saddle and bridle would be punishable under section 552. The former of these two sections provides that if any person shall be convicted of stealing a horse, etc., he shall be punished by imprisonment in the penitentiary from one to fifteen years;

while under the latter, he can be imprisoned in the penitentiary not less than one nor more than ten years, if the goods or chattels stolen shall exceed in value thirty-five dollars; but if the property stolen shall not exceed the value of thirty-five dollars, he shall be punished by imprisonment in the county jail not less than one month nor more than one year, or by fine not less than twenty-five nor more than one hundred dollars.

This proposition may be answered in the words of Mr. Chief Justice Shaw, as follows: "It is not necessary in an indictment upon a statute to indicate the particular section or even particular statute upon which it is founded. It is only necessary to set out in the indictment such facts as bring the case within the provisions of some statute which was in force when the act was done, and also when the indictment was found. And if the facts, properly laid in the indictment and found by the verdict, show that the act done was a crime punishable by statute, it is sufficient to warrant the courts in rendering judgment. (*Commonwealth* v. *Griffin*, 21 Pick. 525; *Commonwealth* v. *Squire*, 1 Met. 261; *Fisher* v. *Commonwealth*, 1 Bush. Ky. 216.) In the last case above referred to, the prosecution undertook to draw the same distinction in regard to the difference between the offense designated as horse-stealing and that of simple larceny, but was overruled by the court as being a distinction not well taken. "This plea of a former conviction, like that of a former acquittal, is founded upon that great principle and fundamental maxim of criminal jurisprudence, that no man shall be twice put in jeopardy for the same offense. This is one of the ancient and well-established principles of the common law, sanctioned and enforced in different forms of words in most of the constitutions of the several states, and in that of the United States. In the latter it is thus expressed: 'nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb.' "

This clause having been adopted in our constitution as a fundamental principle, may be considered as equivalent to a declaration of the common law principle, that no person shall be twice tried for the same offense. But in the appli-

cation of this maxim, it must be considered in each particular case in which it is relied upon as a bar, whether as a matter of fact the party seeking to avail himself of it has before been put in jeopardy, and if so, whether it can be said to be for the *same offense*. If these circumstances should be found not to concur, the maxim will not apply to the case. It now remains to apply this maxim to the case under consideration.

This is a case where the appellant is charged with the larceny of a horse, saddle, and bridle, taken at the same time and place, and from the same person, and in our opinion the whole transaction constitutes but one crime, and but one indictment can be sustained for such taking, and the prosecution having seen proper to split up the transaction into two offenses by causing two indictments to be preferred against such person. for that which is but one crime, a conviction or acquittal on one may be successfully pleaded as a bar to a subsequent prosecution on the other. In 1 Bishop's Criminal Law, sec. 1060, it is said, " that although when a man has done a criminal thing the prosecutor may carve an offense out of the transaction as he can, yet, he must cut only once." The same author, in referring to offenses embraced in the same transaction or included one within the other, says: " Some apparent authority, therefore, English and American, that a jeopardy for the less is no bar to an indictment for the greater, we must regard as not being good law, while the doctrine that it is a bar is best sustained by the adjudications, as well as by reason." (1 Bishop's Crim. Law, sec. 1057.)

The case of *Fisher* v. *The Commonwealth*, reported in 1 Bush. 211, is a case precisely in point. In that case, Fisher, by the same act and with the same intent, took a horse, wagon, and harness, the property of the same person. Two indictments were found against him, one for stealing the horse, the other for stealing the wagon and harness. On the trial for stealing the horse, Fisher pleaded not guilty and was acquitted. This acquittal was held to be a good plea in bar against the indictment for stealing the wagon and harness. In *Roberts* v. *The State*, 14 Georgia, 8, the

same principle was fully recognized. (*Hinkle* v. *The Commonwealth*, 4 Davis, 518; *The State* v. *Chaffin*, 2 Swan, Tenn. 493; *Lamphen* v. *The State*, 14 Ind. 327.)

Being of the opinion that the court erred in giving the instruction complained of, the judgment is reversed and the cause remanded to the court below for a new trial.

Judgment reversed.