# BERRY v. CHARLTON.

ATTACHMENT—EXECUTION—EXEMPTION.—An order for the sale of attached
property, under sec. 155 of the civil code, as amended in 1878, is no
bar to an action for the recovery of property which was exempt from
execution, and duly claimed as such, brought by the defendant in the
writ of attachment.

APPEAL from Linn County.   The facts are stated in the
opinion.

*R. S. Strahan*, for appellant.

*Bonham & Ramsey*, for respondent.

By the Court, WATSON, C. J.

On October 1st, 1881, H. J. Butler commenced an action
to recover money, in the circuit court for Linn county,
against L. T. Berry, the respondent here, and at the same
time procured a writ of attachment to be issued in such ac-
tion, and levied on a span of horses, set of harness, and
wagon belonging to the latter.   J. J. Charlton, the appel-
lant, was sheriff of said county at the time, and levied the
attachment.   Berry duly claimed the property as exempt
from execution, but it was not released.   Afterwards, But-
ler recovered judgment and order for the sale of the at-
tached property, and caused an execution to be issued in
conformity with such order, and delivered to Charlton as
such sheriff.   Before Charlton had succeeded in making a
sale of the property, this action was commenced against
him by Berry, in the county court of Linn county, to re-
cover possession thereof.   Berry obtained judgment for the
possession of the property, in the county court, and a sim-
ilar one in the circuit court, on appeal.   From the latter
judgment Charlton appeals to this court.   His counsel have
rested their claim to have the decision of the circuit court
reversed, upon the determination of the single question,

whether the order of sale of attached property provided for in sec. 155 of the civil code, as amended in 1878, is to have the effect of an adjudication that the property ordered to be sold is subject to the payment of the judgment rendered against the defendant in the same action.

The provision in the amended section which is to be construed is as follows: "If judgment be recovered by plaintiff, and it shall appear that property has been attached in the action, and has not been sold as perishable property, or discharged from attachment, as provided by law, the court shall order and adjudge the property to be sold to satisfy the plaintiff's demand. (Sess. L., 1878, p. 100.) Previous to the adoption of this amendment, the law itself directed how attached property should be disposed of, after judgment rendered, and no action of the court was necessary. The precise purpose and effect of this amendment are not entirely free from doubt, and have occasioned a considerable amount of discussion. Without attempting a complete settlement of these questions, we are fully satisfied that the order of sale provided for in sec. 155, as amended, cannot be accorded the effect of an adjudication upon the *status* of the property attached, as to its being exempt or not from execution. Under the laws of this state, exempt property, if claimed as such in due season, can neither be seized under attachment nor sold on execution. Yet there is no provision for determining the question whether it is, in fact, exempt or not, either in the attachment proceeding or in the action itself in which the attachment is issued. There is no provision in the attachment law for obtaining the release of exempt property wrongfully seized under a writ of attachment. But, on the other hand, the right to maintain an action like the present to recover the possession of exempt property wrongfully seized under process, is clearly

authorized by statute. (Secs. 130 and 131, Civil Code.) It has been held by the supreme court of Indiana that an order for the sale of attached property, under a provision of law similar to our own, concludes the question as to the property being exempt. (*State* v. *Manly*, 15 Ind., 8.) But the previous decisions of the court relied upon as authority in that case, show that under the attachment law of that state provision had been made for raising and determining such issues, in the same manner as in ordinary actions. (*Collins* v. *Nichols*, 7 Ind., 447; *Cooper* v. *Reeves*, 13 *id.*, 53.) The supreme court of Iowa has decided that although the provisions of the attachment law in that state were broad enough to enable the parties to litigate the question of exemption in the attachment proceeding itself, still if the defendant should not choose to avail himself of this remedy, he would not be precluded from maintaining replevin for the property, even after judgment and order of sale in the original action. (*Tapping* v. *Stripe*, 4 G. Greene [Iowa], 552.) But under the provisions of our attachment law, the defendant has no such opportunity, and must resort to an independent action for the protection of his interests in exempt property. The judgment of the circuit court is therefore affirmed with costs to the respondent.