*ROBERT BARR ET AL. v. HENRY CLOSTERMAN ET AL. (No. 355);
SAME v. SAME. (No. 356).

1. APPEAL FROM PROBATE COURT OF REFUSAL TO ADMIT AUTHENTICATED COPY OF FOREIGN WILL.

In a proceeding in a probate court of this state, under sec. 5937, Rev. Stat., to admit to record in said court an authenticated copy of a will, alleged to have been executed and proved in another state according to the laws of such state, an appeal does not lie to the court of common pleas from a judgment or order of the probate court, refusing to admit the same to record.

2. ERRORS IN PROBATE COURT NOT SUFFICIENT FOR REVERSAL.

Though such a proceeding is *ex parte* in its character, the judgment so entered will not on proceedings in error be reversed for the sole reason that the probate court allowed persons, asserting an interest in land alleged to be divised by said will, to become parties to the proceeding and offer evidence tending to show that said will had not been proved according to the laws of the state where it was admitted to record.

3. RECORD SHOWING PROOF OF FOREIGN WILL IN A SISTER STATE CANNOT BE IMPEACHED COLLATERALLY.

If the authenticated copy of the record so produced shows that the will was executed and proved according to the laws of such sister state, other evidence to contradict the facts so shown by it ought not to be admitted. Such record should not be impeached collaterally, but should have the same effect when offered in evidence here, that it has in the state where made.

4. WHEN RECORD WILL BE HELD SUFFICIENT TO SHOW THAT A WILL HAD BEEN PROBATED.

If such authenticated record shows that such will was duly recorded by the tribunal having jurisdiction of such matters in the proper record of probated wills, and where it should not be found, unless probated, and the statute of such state does not require the entry of a judgment that it was admitted to probate, but only that it be recorded, in view of the presumption of the law that courts and public officers have properly discharged their duties, unless the contrary appears, and as there would be no reason or propriety in recording the same where proof of the will had not been made, such record in the absence of other evidence, would be sufficient to show that it had been probated.

5. EVIDENCE OF FACTS TO SHOW THAT THE WILL WAS ADMITTED TO PROBATE ON THE TESTIMONY SET OUT IN THE RECORD.

Where such authenticated record shows that at the time of the original production of the will for probate, the evidence of one of the witnesses to such will as to its execution was taken by the register and with such will recorded in the will record, and the other evidence offered tended to show that the practice of registers, and of this register particularly, before and after the time this will was offered for probate, was to record with the will, if proved, *all* of the evidence upon which it was done, and there was nothing tending to contradict this, such evidence shows that the will was admitted to probate on the testimony set out in the record.

6. FOREIGN WILL, NOT PROVABLE UNDER THE LAWS OF A SISTER STATE, CANNOT BE ADMITTED HERE.

Where the evidence produced shows that under the laws of such state a will could not then be legally proved by the evidence of a single witness, and that if a record showing

---

*The judgment in this case was affirmed by the Supreme Court, without report, June 7, 1892. For subsequent decisions by the circuit court in this case see 3 C. C., 441, 2 Ohio Circ. Dec. 000 (s. c. 3 C. C. R. 441) and 4 Ohio Circ. Dec., 000 and 000, (s. c. 7 C. C. R., 363 and 371). For former decisions of lower courts see 18 B. 391. Cited *In re* Schumacher, 6 Dec. 125, 126.

such a state of fact was produced in evidence in the courts of such state, in a collateral proceeding, it would not be conclusive, or perhaps *prima facie* evidence of a valid probate, and to pass title to real estate, it is not entitled to greater credit in the courts of this state, and the probate court on such evidence might properly find that such will had not been proved according to the laws of such state.

7. EVIDENCE NOT PRODUCED AT TRIAL BELOW IS NOT ADMISSIBLE ON ERROR.

Where in a proceeding in the courts of this state, the statute or common law of a sister state is to be ascertained as a matter of fact, the trial court, or a court reviewing its proceedings on error, cannot take judicial knowledge thereof, but the same must be proved by competent evidence like any other fact material to the case. And this court in reviewing the judgment of the probate court on the evidence, cannot consider a statute of such state, or a decision of the court thereof construing the same, unless evidence thereof was offered in the trial court, and made part of the record by the bill of exceptions.

8. EVIDENCE SHOWING THAT THERE WAS LAND DEVISED IN THE COUNTY IN WHICH THE WILL IS SOUGHT TO BE PROBATED.

It was not essential in this case that the applicants in the probate court should there have offered evidence showing that there was land in this county devised by the will. The defendants in error on their own motion were admitted as parties on their claim that they had an interest in land devised thereby, and the whole controversy proceeded on that idea. And the fact that no such evidence was offered in the probate court, would not, under the circumstances, have justified that court in refusing, on that ground alone, to admit the will to record.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, C. J.

The two cases named, though presenting entirely different questions, are between the same parties, grew out of the same proceeding in the probate court, were argued together, and will be disposed of together.

The original proceeding referred to, was an application made by the plaintiffs in error, to the probate court of Hamilton county, under sec. 5937, Rev. Stat., to admit to record in that court, what was claimed to be an authenticated copy of the will of one Robert Barr, deceased, admitted to probate and record in Westmoreland county, Pa., October 22, 1822.

After the filing of such application in the probate court, the defendants in error, claiming to be tenants in possession of the N. E. 1-4 sec. 36, town. 4, range 1, "to which," as their motion recites, "the parties making the application claim the said will relates," applied to the court to be made parties, which motion was granted by the court, against the exception of the plaintiffs in error —and thereafter the defendants in error over the like exception were allowed to appear and offer evidence against the admission of said copy to record in said court—and the probate court after such hearing, refused to admit it to record. Thereupon notice of appeal from such decision was given, and an appeal bond executed, and a transcript of the proceedings at once filed in the court of common pleas. But on the rendition of such judgment the plaintiffs in error also took a bill of exceptions, which was signed by the probate judge, purporting to contain all the evidence offered in the case, with exceptions to the action of the court, allowing parties to be made and evidence to be offered by them and to the judgment as rendered.

A motion having been filed by the defendants in error, in the court of common pleas to dismiss the appeal on the ground that an appeal would not lie in such a case, the court on hearing, sustained the motion and dismissed the appeal, and the petition in error in case No. 355 seeks the reversal of that judgment.

The plaintiffs in error thereupon filed in the court of common pleas a petition in error to reverse the judgment of the probate court, refusing to admit the copy of the will to record—but this judgment having been affirmed by the common pleas, a petition in error (No. 356) was filed in the circuit court to reverse that judgment—and these are the two cases before us.

We consider first the questions raised in No. 355, for if an appeal did lie in a proceeding of that kind, the effect of the notice of appeal, giving of the bond and filing of the transcript, was to vacate the judgment of the probate court, and the case would then stand for hearing and decision in the court of common pleas, on the original application made in the probate court.

The question then in the first case is, did the court of common pleas err in dismissing the appeal attempted to be taken from the judgment of the probate court?

It is a settled principle in this state, that there can be no appeal from the judgment of one judicial tribunal to another, unless the right so to do is given by statute. Is such the case here?

Section 6407, is the general statute authorizing and regulating appeals from the probate court to the court of common pleas, and that section points out explicitly the cases in which it may be done, and it is manifest that it does not embrace a case of this kind. But the cases named in the section, it says, "are in addition to cases specially provided for," and it is claimed that a case like that at bar is specially provided for, either by sec. 6203 or by sec. 5934.

It is clear too, we think, that sec. 6203, only relates to proceedings brought in the probate court, against an executor or administrator of an estate under sec. 6195, and post, Rev. Stat., to collect from him the amount due to the person commencing such proceeding after an order of distribution by the probate court, and a neglect or a refusal of the executor or the administrator to pay it. The appeal is allowed by any person against whom any such order, judgment or decree may be made, or who may be affected thereby, and it was not intended to apply to any other cases.

There is certainly more question whether an appeal is allowed in a case of this kind, under the terms of sec. 5934. It reads as follows: "In the case of the refusal" (by the probate court) "to admit a will to probate, any person aggrieved thereby may appeal from such a decision to the next term of the court of common pleas, by filing notice of his intention to do so within ten days."

On a careful consideration of this, and the preceding and succeeding sections on the same general subject of the probate and recording of wills, we are of the opinion that it was not the intention of the legislature by it to provide for an appeal in a case like this—that the appeal which is allowed is one from a refusal to admit a domestic will to probate, as distinguished from an admitting to record only, of an authenticated copy of a will executed and proved in a sister state or territory, or in a foreign country, and from the admission to record in one county of this state, of an authenticated copy of a will, and the order of another probate court of the state admitting it to record in such county.

Sections 5926 and 5932, inclusive, seem to relate exclusively to domestic wills —providing for the manner in which they are to be proved, and what proof is necessary, and that if certain facts are shown, the court shall admit them to probate and record, and further providing for the effect of a certified copy of any such will and order of probate, and for its admission to record in other counties of the state, in which real estate devised by the will is situate, and the effect of this record.

It would appear, however, that sec. 5933, which provides for a limitation of two years for the contest of wills applies not only to domestic wills, probated in this state, but to wills made and proved out of the state and admitted to record here. For under a substantially similiar statute, the Supreme Court in Bailey v. Bailey, 8 O., 239, 246; Meese v. Keefe, 10 O., 362, held that it did apply to the latter as well as the former case, and in several cases held that there could be a contest of such a will as well as of a domestic will. See Jones v. Robinson, 17 O. S., 171, 182; Manuel v. Manuel, 13 O. S., 458; Bailey v. Bailey, 8 O. 239, and Meese v. Keefe, 10 O. 362.

It is true that sec. 5967, provides that no proceeding shall be had in this state to contest a will executed and proved according to the law of any other state—but the Supreme Court held in the case in 17 O. S., that this last section only took away the right to contest a will duly executed and proved in such other state, according to the law thereof, and that if a will not so executed and proved, was improperly admitted to probate in Ohio, it could still be contested here.

Section 5934, then, which provides for an appeal from a refusal to admit a will to probate, follows immediately after those sections which relate exclusively to domestic wills, unless sec. 5933, is an exception to this. And the next following sec. 5935, which points out what shall be done when the probate court refuses to admit a will to probate, seems in all of its terms to apply only to domestic wills. It provides for the production of the will itself—not the authenticated copy, first presented—the hearing of evidence as to the execution of the will, which would seem impracticable as a general rule in case of a foreign will, and for its admission to probate, and not to record, as would be the case if it applied to foreign wills, and followed the original application to the probate court.

We think, then, that the location of the section, authorizing the appeal, and the language of the section, which points out what is to be done in the appellate court, are reasons in favor of the opinion we have expressed, that it was not intended to provide for an appeal in a case where the probate court refuses to admit to record a will proved in another state.

Following these sections to which we have referred, are those which provide for the admitting to record in this state, of an authenticated copy of a will executed and proved according to the laws of any sister state or territory of the United States or of a foreign country. But it is to be noted, that after these sections, there is none giving the right to appeal from any action of the probate court, or the use of any language which would give color to the idea that sec. 5934, was applicable to such cases. On the contrary, we think, the meaning is fairly to be drawn from the language of the whole statute on this subject, that the admisson of a will to probate, is a wholly different thing from the admission to record of an authenticated copy of a will probated in another jurisdiction. The distinction between the two things is everywhere and always made, as will be seen by reference to the different sections where they are mentioned. And the appeal is only allowed, according to the express words of sec. 5934, from "the refusal to admit the will to probate."

It is urged that there is the same reason for allowing an appeal in the one case as in the other. This may be so, but if, in fact, it is not given by statute in both cases, the court can not correct the evil if it be one. Before the enactment of what is now sec. 5934 there was no appeal from a refusal to admit any will to probate, as was held in *In re*, Chapman's Will, 6 O., 148—and the reason or propriety of this seems to have been placed by the court upon the ground that a rejection of a will was not a finality—that it could be again presented to the same court, and perhaps on different evidence be admitted to probate or record. This has been clearly changed by sec. 5934 as to a domestic will, so far as to allow an appeal from a decision refusing to admit it to probate. We are unable to see that it has as to others, and therefore are of the opinion that the judgment of the common pleas dismissing the appeal was right, and it will be affirmed.

The question in No. 356, the other case is, did the probate court err in refusing to admit to record the authenticated copy of the will of Robt. Barr, claimed to have been admitted to probate in Pennsylvania, or in the proceedings had before the court, and should the court of common pleas have reversed that judgment?

It is claimed by counsel for plaintiff in error, that the probate court did err in allowing those opposed to its admission to record, to intervene and contest it,

and offer evidence to the court, both of which the court allowed them to do against the objection and exception of the plaintiffs in error, who had offered the will for record.

There certainly are no provisions of the statute which expressly authorize this to be done. In proceedings under sec. 5937, for the admission to record in this state, of a will made and proved in a foreign country, provision is made for notice to all persons interested; and for a hearing of the case. There is no such requirement, as to an application under sec. 5937, to admit to record a will made and proved in a sister state. As said by Judge White in deciding the case of Jones v. Robinson, 17 O. S., 171, 182, the proceeding "is in its nature *ex parte*," and yet there is no provision of statute, as there is in the case of the offer to probate a domestic will, under sec. 5926, that only such witnesses shall be heard "as persons interested in having it admitted to probate may desire."

Indeed, in some of the decisions of our Supreme Court language is used, which gives color to the idea that it would not be improper to allow s uch a. contest and hear evidence against the admission of the paper to record.

Thus, in the case of Jones v. Robinson, above cited, Judge White in delivering the opinion of the court, says on page 182, "The proceeding by which it was admitted to record, was in its nature *ex parte*, and if it is to have the effect of divesting the heirs of their estate, they clearly have the right to have it set aside."

"And without deciding that resort to the statutory mode provided for contesting wills is necessary to set aside or declare invalid such a record, yet when the aggrieved party has resorted to that mode of proceeding, his petition will not on that ground be dismissed, as such suits have been repeatedly entertained for that purpose." And this is carried into the syllabus and becomes a point decided. This we understand to be an intimation, by that court, that the probate court might, on a proper showing, (perhaps at the same term), on the application of parties interested, set aside its own finding. If this be so, we see no reason why the judge may not hear proper evidence, to enable and assist him in discharging the judicial functions imposed upon him by the law, when an application of this kind is made. And as the cases of Manuel v. Manuel, 13 O. S., 458, and Jones v. Robinson, 17 O. S., 171, both show, that a probate court may improperly admit to record, in this state, an authenticated copy of a will purporting to have been executed and proved in another state, according to the laws thereof, and that this may be set aside and vacated, probably by that court, but certainly in a proceeding filed directly to contest it, it would seem to follow, that the probate court in the first instance, on such application being made, would have the right to hear other evidence than that offered by the person making the application to have it admitted to record.

The next question is, was the judgment of the probate court refusing to admit this will to record, right, on the evidence as presented in the bill of exceptions, and we will consider one or two questions presented to us in argument, and which arise on the face of the statute under which this proceeding in the probate court was had.

The first of these is, what is the power or the duty of a probate court on the presentation of what purports to be an authenticated copy of a will and order of the proper court admitting the same to probate, and showing that it was executed and proved according to the laws of a sister state, or a territory of the United States. Must the judge in the proper discharge of his duty, if there is no proof of its want of authenticity, admit it to record? If it also appeared that there was land in the county where it was produced, that was affected by such will, we would say that he ought. That the language of the statute, on these facts appearing "it may be admitted to record" should be considered mandatory, and in accordance with well-settled principles as to the use of such language in statutes affecting a general right, it should be read "shall be admitted to record."

But in addition to this principle, which would seem to require that on such facts appearing, the authenticated copy should be admitted to record, there is another which would seem to lead to the same result; the constitution of the United States, which all judges of the state have sworn to support, requires that full faith and credit must be given in each state, to the records and judicial proceedings of every other state; and it gives to congress the right to prescribe, by law, the manner in which such records shall be proved, and the effect thereof, which was done by sec. 905, Rev. Stat. of U. S., which provides that when such records and judicial proceedings are authenticated by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with the certificate of the judge, chief justice or presiding magistrate, that the attestation is in due form, they shall have such faith and credit given to them in every court within the United States, as they have by law or usage in the courts of the state from which they are taken. And this law in pursuance of the constitutional provision, is also binding on all state courts.

In our view, then, if the authenticated copy of the proceedings of the register in this case should show the matters stated, evidence should not be received to show that what the record states to be true was not in fact true—that is, it would not do to impeach it collaterally, for the reason that our courts are to give the record the same effect which it has in Pennsylvania where it was made; and it seems to us, that the evidenc offered in the case fairly shows that such record, when introduced as evidence in the courts of that state, is taken as conclusive as to the facts properly shown by it—that is, for instance, if it showed that the will was admitted to probate by the proper court, and on the oaths of a proper number of witnesses, such facts so stated in the record could not be disapproved by other evidence.

But the case supposed differs widely from that under consideration here. The record of which an authenticated copy is produced, consists of what purports to be a will of Robert Barr, dated February 16, 1821; signed by the testator, attested by two witnesses, followed by an affidavit of one of the witnesses named, taken before the Register of Westmoreland Co., Pa., October 21, 1822, as to its proper execution by the said testator; to this is attached the certificate of Houseman, dated December 31, 1885, certifying himself to be the present Register of wills for said county, and the custodian of all will records therein, and that the foregoing is a true and correct copy of the last will and testament of Robert Barr deceased, and of all proceedings to prove and admit the said will to record that remains of record in his office in Will Book No. 2, page 78. And that the said record of proceedings, proof and admission of the said will to record, are all the said proceedings to prove and admit the said will to record that remain of record in his office, and that the said proceedings to prove and admit the said will to record as therein set out, were at the time in compliance with the practice in admitting wills to record in said county of Westmoreland, at the date said will was admitted to record." This was signed and attested by his official seal, and with the certificates of the resident judge of the common pleas, and the prothonotary of said court in accordance with the U. S. law.

What, then, was the duty of the court on the presentation of such a record?

It may be said, in the first place, that in our judgment, if it was proper to hear evidence as to the law of Pennsylvania as to the execution and probate of wills there, the evidence produced showed clearly that a will could not legally be probated in that state on the oath of a single witness. And we are further of the opinion, that if the record made at the time distinctly showed that this will was probated, or admitted to record, on the testimony of but one witness, the probate court of this county acted legally and in accordance with the evidence in refusing to admit it to record.

But the difficulty we have is in coming to a conclusion on these points: First—Whether in the absence of any finding by the Register, that the will "was proved and approved," to use the language of some of the cases, the pro-

bate court was bound, and we are bound to conclude, from the fact that the will was recorded in the will book of that county, that it had been adjudged as proved by the register; and second, whether where attached to the will in the record is the testimony of one only of the witnesses to it, we are bound to infer from the fact that the will was recorded in the proper record book, that due or legal proof by other witnesses was made.

On the first point, this seems to us to be the answer—The statute of 1705, in force at the time, and which is offered in evidence, does not require a finding in terms by the register that the will is probated—it does not expressly require the evidence taken to be recorded, and there is only an implication that the will itself shall be recorded. But in view of the presumption of law, that in the absence of evidence to the contrary, public officers are presumed to have done their duty, and as there would have been no reason, necessity or propriety in recording the will unless it had been proved to his satisfaction, we incline to the opinion that this record substantially shows a probate of this will.

As to the other point, it is more difficult of solution, but we are of the opinion, that where, as in this case, the record does contain the testimony of one witness as to the execution of the will, and there is not a single intimation anywhere in the whole record, that any other evidence was offered, that the court would be bound to conclude that the testimony of the one witness was all that was offered or received by the register. This presumption is strengthened by the evidence offered of the practice of the Registers in the state before, about the time and since 1822, and particularly by the practice of the Register, who recorded this will as shown by the records, kept by him.

The testimony offered by the parties and brought into this record, shows that in every instance referred to, where the will was recorded in Westmoreland county, the evidence upon which the Register acted, and apparently the whole of it, was set out in the record with the will so admitted to probate.

In the absence then of anything tending to show that when this will of Robert Barr was produced to the Register of Westmoreland county, any other evidence than that of the one witness, whose affidavit is recorded with the will, was taken, and in view of what appears to be the uniform practice of such officers, to record all the testimony offered on the probate of a will, and of the presumption which we think would arise, that the record contains the whole of the testimony actually taken, we are of the opinion that under the evidence in the case, the probate court was warranted in finding that this will had been admitted to probate in Pennsylvania on the evidence of a single witness.

If this be so, was the probate a valid one, and what effect would such a record have in the state of Pennsylvania? On these points a large amount of testimony has been taken. The defendants in error offered the statute of wills of that state in force at the time of the making of this will, and many decisions of the Supreme Court, construing it, and the evidence of several persons, learned in the law of that state, all of which seem expressly to the point, that to constitute a valid probate, there must be the testimony of more than one witness, and that a record of what purports to be a probate of a will, entered on the testimony of a single witness is not conclusive, and perhaps not *prima facie* evidence in a collateral proceeding, in which it was offered in evidence. Among the other cases was that of Logan v. Watt, 5 Serg. & Rawle, 214, decided by the Supreme Court of Pennsylvania, in 1819, in a case arising under the same statute in force in 1822. Judge Duncan in the opinion uses this language: "The probate of the Register or the Register's court is but *prima facie* evidence of the devise of land. If the copy or probate offered in evidence, shows that the proof was made by one witness, or that a party having an interest under the will, was received as one of the two witnesses required by law, this proves of itself the non-conformity—or the party to be affected by it, may produce the copy of the Register's record, and the heir at law has the right to call on the subscribing witnesses."

On evidence of this kind it would seem clear that if the will was in fact admitted to probate on the evidence of a single witness, in the state of Pennsylvania in 1822, it was not executed and proved according to the laws of such state, so as to entitle it to record in Ohio, under the provisions of sec. 5937, Rev. Stat. And if a record showing such a state of fact (as we are of the opinion this does) is presented to a probate court of this state for record here, as under the evidence in the record, it appears that it would not be conclusive, or perhaps even *prima facie* evidence of what it contains in a collateral proceeding in the state of Pennsylvania, where it was made, surely it is not under the constitutional provision, or the law of the United States passed under it, entitled to greater consideration in this state.

In the argument of this case, however, in this court, the counsel for the plaintiffs in error, against the objection of the counsel on the other side, have referred us to other and later decisions of the Supreme Court of that state, which they claim are in conflict with those offered in evidence by the defendants below, and modify to a great extent the rule in that state as to the effect to be given in their courts to a record of the kind under consideration. And we are also called on to consider the effect of a statute of that state passed in 1859, which it is claimed operated to make valid in that state, all wills previously probated unless contested within a given time.

Among the cases referred to, which we are now asked to consider, together with this statute of 1859, is one reported in 7 Harris, 485, in which the opinion was delivered by Judge Black. It is, as we understand it, to the effect, that the validity of a will or its effect to pass title to real estate, when produced in a collateral proceeding, does not depend upon the evidence spread upon the record of wills, by the Register, but upon the facts whether he had actually admitted it to probate; and that it was not even necessary for him to enter a judgment of probate on his record. That this would be presumed from any other act of the Register which he would have no legal right to do in a case where proof of the will had failed.

This decision, as claimed by counsel for plaintiffs in error, does seem to some extent in conflict with others, proved by defendants in error, and if it and the statute of 1859 referred to, were properly before us, it may be that questions of great difficulty would thereby be raised, if the statute has the force claimed for it.

But it seems clear to us, that we can not properly consider such statute or decisions, for the reason that they are not part of the record in this case. The other statute and decisions to which reference has been made were duly offered in evidence on the hearing in the probate court, and were made part of the bill of exceptions taken therein. The others were not, and not having been presented to or considered by the probate court, it would be manifestly improper that in considering the question whether that court erred in its judgment on the evidence before it, we should take into consideration other evidence presented for the first time in the reviewing court. This view of course is based on the idea that the law of another state is, when it becomes necessary to be shown in a pending suit in this state, to be proved as a matter of fact; and such we understand to be a clear principle of law.

Section 5244, Rev. Stat., points out how the written or statute law and the unwrritten or common law of other states, territories or foreign government may be proved—the first by copies printed by, or proved to be commonly used in the tribunals thereof, and the latter as facts by parol evidence, or by the admission in evidence of the books of reports of cases adjudicated in their courts. Both statutes and reports are to be introduced in evidence on the trial of issues of fact, where the fact of the existence and terms of the law are involved in the controversy, and neither the trial court, or a court reviewing its decision can take judicial knowledge of either, but they must be proved by competent evidence like any other fact material to the case. This is explicitly decided in Evans v. Reynolds, 32 O. S., 163.

On the evidence then submitted to the probate court, we are of the opinion that such court was warranted in finding that this will was not proved according to the laws of the state of Pennsylvania then in force, and in declining for that reason to admit it to probate in this county.

There is another ground on which it is claimed by counsel for the defendant in error, that the same result would follow, viz: that the record nowhere shows that there was any land in this county affected by the will, and that the will was only to be admitted to record in this county if there were lands devised by it. Evidently, the whole controversy proceeds upon the idea that such was the fact. If not, why should the applicants for its admission to record desire it, or those opposed resist it? It is true, there was no evidence offered upon the subject; but the court, in one of its orders entered in the case, made the defendants in error parties to such proceeding as being tenants in possession of N. E. 1-4 of sec. 36, town. 4, range 1, "to which," as it recites, "the parties making the application, claim the said will relates," and thereupon they filed an answer setting up their title thereto, and contesting the record of the will; and as stated, the whole controversy was founded on this idea, and we would not be disposed to hold that it was absolutely necessary that proof should have been presented on this point under the circumstances of the case, to give to the probate court the right to admit it to record, and for the reasons stated the judgment is affirmed.

Judge Cox did not sit in these cases.

S. T. & W. L. Crawford and T. A. O'Connor, for plaintiffs in error.

Lincoln, Stephens & Lincoln, Black & Rockhold, Simrall & Mack, Baker & Goodhue, and Bateman, Harper & Bailey, for defendants in error.