Argued at Pendleton May 7, affirmed June 25, 1929.

STATE *v.* JAMES METCALF.

(278 Pac. 974.)

For appellant there was a brief over the name of *Messrs. Green & Hess,* with oral arguments by *Mr. R. J. Green* and *Mr. Eugene Ashwill.*

For respondent there was a brief and oral argument by *Mr. Carl G. Helm,* District Attorney.

McBRIDE, J.—■ ■ The indictment charged but one crime, namely, child stealing. The fact that it might have been committed by different methods, and that the prosecution could succeed by proving any one of them, was settled much to the writer's discomforture in *State* v. *Carr,* 6 Or. 133. This decision made fifty-three years ago has stood the test of the court from the day it was rendered until the present: *State* v. *Bergman,* 6 Or. 341; *State* v. *Dale,* 8 Or. 229, *State* v. *McCormick,* 8 Or. 236; *State* v. *Humphreys,* 43 Or. 44 (70 Pac. 824); *State* v. *White,* 48 Or. 416 (87 Pac. 137), and other cases.

We find no precedent in this state, in cases of the character of those above cited, requiring the state to elect the particular method by which the crime may have been committed, and rely upon that to the exclusion of other methods enumerated in the statute, and in the indictment. The court refused to do so in this case. There was no election, and there was no such contradiction in the means enumerated as would put the defendant off his guard, or have prejudiced him in his defense. The testimony shows that the defense was directed against force, fraud or enticement.

■ From this we are naturally left to a discussion of questions raised by defendant upon instructions refused by court and other instructions given over his counsel's objection. The able counsel for defend-

ant seem to confuse the statute against child stealing with that against kidnaping and, while, originally, prosecutions for unlawful taking of children were dealt with in pursuance of the law punishing kidnaping, it has been found that such statutes, so far as they followed the common law, were not always adequate. The kidnaping statutes, which were applicable alike to adults and children, more generally viewed the offense as one against the person unlawfully taken, while the statute against child stealing has in view principally the right of the parent to the custody, dominion and care of the child, so that stealing the child from its parents is primarily an offense against the parents. This was so held to an extent even in prosecutions under the kidnaping statute, the child being deemed incapable of consent, even though willing to be taken. Thus, in *State* v. *Farrar,* 41 N. H. 53, 59, it is said:

"Laws of this character seem to have originated in the especial purpose of furnishing protection to children. And we are disposed to hold that the child was incapable of consent to the seizure and removal, and that, being taken from its lawful custody, it must be deemed to have been taken without its consent as matter of law. It was so held in the case of a child ten years of age in *State* v. *Rollins,* 8 N. H. 565. In the case of children of that age, when they are in the place of their lawful custody they are deemed to be free, but when taken away against the will of their rightful guardians, they are justly regarded as under illegal restraint. So it is held in proceedings on *habeas corpus,* and such is the law, we think, that governs this case."

So here Nina being a child thirteen years of age and under the dominion and control of her parents, could not consent to her abduction, and, whether she went

voluntarily or otherwise with defendant, her taking was a trespass against the rights of her parents and forcible as to them. So it matters not whether she wished the defendant to take her or not, it was in the eyes of the law a forcible taking. The same may be said as to the charge of fraudulent taking. The fraud was not committed against the child, but against the parent. It was a fraud upon their paternal rights to take the child from their custody, and, especially, where the taker concealed her from their search, lied to them concerning her whereabouts and did everything to frustrate their efforts to find her.

Stealing of a child is in some respects like larceny of an animal; it is a continuing offense, and, if Nina had gone to the defendant's cabin alone unattended, and being there he attended her to a place of concealment, helped to conceal her and thereby kept her from the possession and control of her parents, he would be guilty of child stealing within the meaning and intent of this statute. If he added any argument or inducement to her going or staying after she had gone with him or to him, he was guilty of child stealing.

The foregoing considerations dispose of the objection of defendant to the following instruction:

"Forcibly, as used in this statute, is established if the state proved to you, beyond a reasonable doubt, that the taking and enticing be against the will or without the consent of the parent, and whether a child did or did not consent is not material in such a case as charged in this indictment."

This also answers appellant's objection to instructions given on the same subject.

■ Exception is taken to the refusal of the court to give the following requested instruction:

"I instruct you, Gentlemen of the Jury, that there is no evidence in this case that the defendant took or enticed away Nina Case maliciously. That element of the charge in the indictment is not established. Give it no consideration."

Defendant's counsel also excepted to the following instruction given by the Court on the same subject.

"In this case the defendant is charged with the crime of child stealing. Under the law of Oregon, before the defendant can be found guilty, the state must establish to your satisfaction, beyond a reasonable doubt, the elements of that crime. The elements of this charge which must be established by the state are that the defendant either maliciously, forcibly or fraudulently took or enticed away Nina Case with intent to detain and conceal said Nina Case from Blanche Case. Where a child is enticed away from the control of its parent, against the will of such parent, the enticement is fraudulent, although no actual fraud is practiced in securing the child's consent to the taking. The word 'entice' means to draw on by exciting hope, and desire, to allure, to attract. The terms 'malice' and 'maliciously' when so employed import a wish to vex, annoy, or injure another person."

If taking a child from its parents and concealing it under the most sordid conditions would not have a tendency to vex, injure or annoy its parents, we know of nothing which would have that effect. Such an act is clearly within our Code definition of malice, which is:

"The terms 'malice' and 'maliciously' when so employed, import a wish to vex, annoy or injure another person, established either by proof or presumption of law." Section 2396, Or. L.

It is also presumed that a person intends the ordinary consequences of his voluntary act: Or. L., § 799, subd. 3. The instruction was clearly correct.

We have attempted to review technically the proceedings incident to the trial, and do not find in them any error which, in our view, prevented defendant from having a fair trial. Seldom is a long drawn out trial like the present one conducted without some technical error creeping in. But even if such error had been committed, we feel assured from the evidence that the defendant took this child from the home of her parents for the vilest of purposes, kept her in concealment, lied as to his knowledge of her whereabouts, used her person for his own pleasure, and that he is clearly guilty as charged and, by subdivision 3c of Section 1 of Article VII of the Constitution, we would be fully authorized to affirm the judgment even in the face of technical error, but we are under no such necessity.

The defendant was assisted by very able counsel, who left no stone unturned to secure his acquittal. At his request, his case was transferred to another county for trial where local prejudice would cut no figure against him, and, while the penalty inflicted is severe, it is but justly adequate to his disgusting offense.

The judgment is affirmed.                    AFFIRMED.

BEAN, ROSSMAN and RAND, JJ., concur.